## American National Bank, Sioux City, v. The Chicago Refrigerating Warehouse Company.

1. ATTACHMENT—*Burden of Proof—Issues.*—Where the evidence fails to show that at the time of filing an affidavit for attachment the defendant was about fraudulently to conceal, assign or otherwise dispose of his property or effects so as to hinder or delay his creditors (such being the cause stated), it is proper for the court to find for the defendant, although upon the issue of indebtedness the finding is for the plaintiff.

**Memorandum.**—Assumpsit; attachment. Appeal from a judgment on the attachment issue rendered by the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed January 10, 1895.

### STATEMENT OF THE CASE.

This was a suit brought by the American National Bank against the Chicago Refrigerating Warehouse Co., on a note

228 · APPELLATE COURTS OF ILLINOIS.

VOL. 57.] Am. Nat. Bk. v. Chicago Refrigerating Warehouse Co.

of $1,500 which had been bought on April 2, 1890, from A. S. Hanford, the payee. A certain leasehold owned by the defendant was levied on in attachment on the 7th of July, 1890, the affidavit stating as cause for attachment that the debtor was "about fraudulently to conceal, assign or otherwise dispose of his property or effects so as to hinder or delay its creditors." The case was submitted to the court, a jury being waived. The court found on the merits with the plaintiff, and rendered judgment for the sum of $1,795. On the attachment issue the court found with the defendant, and it is this finding which is assigned for error.

At the time of the attachment the president of appellee, Mr. J. E. Fuller, owned all but a few shares of its stock, and practically not only controlled it, but was the company.

The company was then unable to pay its debts as they matured and was thus technically insolvent. It was then contemplating (as it had been for some time) a sale of all its leasehold to a new company, whereby it would obtain a large sum of money, $80,000, with which it could pay all its debts. With the exception of certain book accounts, its leasehold and improvements thereon constituted, substantially, all its assets. Such sale involved as a condition thereof an investment (by third parties) in adjacent real property of over $700,000, the raising of $240,000 cash by the president of appellee, and a total expenditure in the new enterprise of about $1,200,000. Of the $80,000 received by appellee, about $40,000 was paid to its president in satisfaction of claims he held against it. The contemplated transaction was carried out, all of the indebtedness of appellee, save that to appellant, being paid; to that, appellees' officers believed it had a good and meritorious defense.

TENNEY, McCONNELL & COFFEEN, attorneys for appellant.

HAMLINE, SCOTT & LORD, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

We think that the Circuit Court was justified in finding

that the evidence failed to show that when the affidavit attachment in this case was filed, appellee was about fraudulently to conceal, assign or otherwise dispose of its property or effects so as to hinder or delay its creditors; on the contrary, it was then about to do that which was likely to prove highly advantageous to its creditors.

That the officers of appellee, or any of them, in inaugurating and carrying out this gigantic undertaking, involving the raising and expenditure of more than a million of dollars of ready cash, and by which all of the indebtedness of appellee, save that to appellant, was discharged, had in mind the note held by appellee and intended by this transaction to cheat appellant, there is neither evidence nor presumption.

It is quite true that, appellee being then insolvent, a court of equity would hold its officers to be trustees for its creditors to such an extent that they could not prefer themselves; and Mr. Fuller might in equity be compelled to refund the amount by him received upon indebtedness to himself; but if he had paid the note held by appellant, such payment would also have been a preference to himself, because he was liable as a guarantor upon such note.

That Mr. Fuller, practically controlling the company, intended to dispose of its assets so as to place them beyond the reach of appellant, and thus leave appellant to look alone to him, Fuller, the guarantor, for the payment of the note, there is no evidence thereby to show.

The judgment of the Circuit Court is affirmed.